IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO RODRIGUEZ and LORRAINE )
RODRIGUEZ, individually, and as ) 2:10-cv-01844-GEB-CMK
partners in SHASTA ENTERPRISES, )
a California General )
Partnership, ) <u>ORDER RE: SETTLEMENT AND</u>
) <u>DISPOSITION</u>
           Plaintiffs, )
)
    v. )
)
CITIBANK, N.A., CITICORP USA, )
INC. and DOES 1 THROUGH 50, )
)
           Defendants. )
_____ )

        The parties filed a Joint Status Report on November 29, 2010, in which they state:

> [T]he Parties entered into a settlement in principal that will fully and finally resolve this action. The Parties have exchanged drafts of the settlement documents and are working to finalize the terms of the settlement in principal and to document the final settlement agreement.
>
>     . . . .
>
>     In the interests of judicial economy, and so that the Parties can finalize the documentation of their agreement without the need for Court involvement, the Parties respectfully request that the Court continue the Status Conference set for December 13, 2010, to a date not earlier than February 14, 2011, subject to the Court's calendar and availability.

(ECF No. 16, 2:13-21.)

1   Therefore, a dispositional document shall be filed no later
2   than February 14, 2011.  Failure to respond by this deadline may be
3   construed as consent to dismissal of this action without prejudice, and
4   a dismissal order could be filed.  See L.R. 160(b) ("A failure to file
5   dispositional papers on the date prescribed by the Court may be grounds
6   for sanctions.").
7   Further, the Status Conference scheduled for December 13,
8   2010, is continued to commence at 9:00 a.m. on February 28, 2011, in the
9   event no dispositional document is filed, or if this action is not
10  otherwise dismissed.[1]  A joint status report shall be filed fourteen (14)
11  days prior to the status conference.
12  IT IS SO ORDERED.

Dated:  December 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2